5/1/2019 SCANNED Page 1

CAUSE NO. 401-82805-2018

| STATE OF TEXAS | § | IN THE 401ST DISTRICT COURT |
| | § | |
| VS. | § | OF |
| | § | |
| TRESHAWN JAHMAL ROBINSON | § | COLLIN COUNTY, TEXAS |

Open

PLEA ~~AGREEMENT~~

FILED IN
5th COURT OF APPEALS
DALLAS, TEXAS
05/01/2019 12:33:01 PM
LISA MATZ
Clerk

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW the defendant, his/her attorney (if shown below), and the attorney for the State of Texas, and would show the Court that the defendant will plead **GUILTY** to the offense of __SEXUAL ASSAULT__ as charged in or as a lesser included offense of the charge in *(Count _____ of)* the charging instrument and they make the following plea agreement:

Term of Confinement: _____ *(years) (months) (days)*.

☐ Post-conviction community supervision for _____ *(years) (months) (days)*.

☐ Deferred community supervision for _____ *(years) (months) (days)*.

☐ Pay fine in the amount of $_____, as directed by the Supervision Office.

☐ Pay restitution, jointly and severally with co-defendant(s) in the amount of $_____.

☐ Affirmative finding the defendant used or exhibited a deadly weapon, to-wit:_____

☐ Pay $50.00 to Crime Stoppers within thirty (30) days.

☐ Serve _____ days in the Collin County Jail to begin _____.
      ☐ Work Release ☐ Off Work Hours ☐ Weekends

☐ Perform _____ hours of community service work at the rate of 10 hours per month managed and facilitated by such agencies as the Supervision Officer directs and pay all costs associated therewith, as directed by the Supervision Officer.

☐ Have no contact with co-defendant(s), to-wit: _____.

☐ Testify honestly about any co-defendant's participation in this offense, to-wit: _____.

☐ Have no direct communication with the victim,_____, and his/her family and maintain a distance of at least 50 yards from the victim's residence or place of employment.

☐ Provide identity of drug source.

☐ Driver's License is suspended for _____ years.

☐ Participate in and successfully complete the SAFP Program in the Institutional Division and aftercare program.

☐ Other: _____

_____

**COMPLY WITH ALL OTHER CONDITIONS OF COMMUNITY SUPERVISION AS DIRECTED BY THE SUPERVISION OFFICER.**

Revised: 09/01/2017         1

## COURT'S ADMONITIONS TO DEFENDANT

1.  The offense of __SEXUAL ASSAULT__ as charged in (or as a lesser included offense of the charge in) *(Count of)* the charging instrument has a range of punishment (as enhanced, if applicable) of (check one below):

☐ **Capital Offense (Death Penalty Waived):** Life without parole in the Institutional Division of the Texas Department of Criminal Justice.

☐ **1st Degree Felony:** Life or any term not more than 99 years or less than 5 years in the Institutional Division of the Texas Department of Criminal Justice and an optional fine not to exceed $10,000.

☒ **2nd Degree Felony:** A term not more than 20 years or less than 2 years confinement in the Institutional Division of the Texas Department of Criminal Justice and an optional fine not to exceed $10,000.

☐ **3rd Degree Felony:** A term not more than 10 years or less than 2 years confinement in the Institutional Division of the Texas Department of Criminal Justice and an optional fine not to exceed $10,000.

☐ **State Jail Felony:** A term not more than 2 years or less than 180 days confinement in a State Jail and an optional fine not to exceed $10,000.

☐ **Habitual Offender:** Life or a term not more than 99 years or less than 25 years confinement in the Institutional Division of the Texas Department of Criminal Justice.

☐ **1st Degree Felony Enhanced:** Life or any term not more than 99 years or less than 15 years in the Institutional Division of the Texas Department of Criminal Justice and an optional fine not to exceed $10,000.

☐ **2nd Degree Felony Enhanced:** Life or any term not more than 99 years or less than 5 years in the Institutional Division of the Texas Department of Criminal Justice and an optional fine not to exceed $10,000.

☐ **3rd Degree Felony Enhanced:** A term not more than 20 years or less than 2 years confinement in the Institutional Division of the Texas Department of Criminal Justice and an optional fine not to exceed $10,000.

☐ **State Jail Felony Punished as 2nd Degree Felony:** A term not more than 20 years or less than 2 years confinement in the Institutional Division of the Texas Department of Criminal Justice and an optional fine not to exceed $10,000.

☐ **State Jail Felony Punished as 3rd Degree Felony:** A term not more than 10 years or less than 2 years confinement in the Institutional Division of the Texas Department of Criminal Justice and an optional fine not to exceed $10,000.

☐ **State Jail Felony Punished as Class A Misdemeanor (12.44(a)):** A term of up to 1 year confinement in the Collin County Jail, or a fine not to exceed $4,000, or both such confinement and fine.

☐ **State Jail Felony Reduced to a Class A Misdemeanor (12.44(b)):** A term of up to 1 year confinement in the Collin County Jail, or a fine not to exceed $4,000, or both such confinement and fine.

☐ **Other:**_____

2.  The recommendations of the prosecuting attorney are not binding on the Court. If a plea agreement does exist, the Court will inform you whether it will follow or reject the agreement in open court and before any finding on your plea. Should the Court reject any plea agreement, you will be permitted to withdraw your plea.

3.  If the punishment assessed does not exceed the agreement between you and the prosecutor, the Court must give its permission to you before you may appeal on any matter in this case except for those matters raised by written motions prior to trial.

4.  If you are not a citizen of the United States of America, a plea of guilty or nolo contendere may result in deportation, exclusion from admission to this country, or the denial of naturalization under federal law.

5.  You will be required to meet the registration requirements of Chapter 62 of the Code of Criminal Procedure (CCP) if you are convicted or place on deferred adjudication for an offense for which a person is subject to the registration requirements under Chapter 62 CCP.

6.  If the Court defers adjudicating your guilt and places you under community supervision, on violation of any condition you may be arrested and detained as provided by law. You are then entitled to a hearing limited to a determination by the Court whether to proceed with an adjudication of guilt on the original charge. After adjudication of guilt, all proceedings, including the assessment of punishment and your right to appeal, continue as if adjudication of guilt had not been deferred.

7. If the Court defers an adjudication of guilt and places you on community supervision, you may have the right to petition the Court for an order of non-disclosure after successfully completing community supervision, unless you are ineligible due to the nature of this offense or your criminal history.

## DEFENDANT'S WAIVER OF RIGHTS AND JUDICIAL CONFESSION

With the Court's approval, the defendant herein states that he/she:

1. Understands that he has a right to be charged by an indictment returned by a grand jury, and to be served with a copy of the indictment. If an indictment has not been returned in this case, the defendant waives those rights, and agrees to be tried on an information.
2. Agrees that the court may accept his/her plea by broadcast by closed-circuit video teleconferencing.
3. Is the same person charged in the charging instrument.
4. Waives any and all defects, errors or irregularities, whether of form or substance, in the charging instrument.
5. Waives arraignment and formal reading of the charging instrument.
6. Waives the ten (10) days allowed to prepare for trial after the appointment of counsel, and agrees to proceed on this date.
7. Waives the preparation of a presentence investigation report and/or postsentence investigation report and any risk assessment prior to determination of any terms and conditions of probation.
8. Waives the right to a jury trial on both guilt and punishment.
9. Waives any and all due diligence claims.
10. Waives the right to subpoena witnesses and have them testify on his/her behalf.
11. Waives the right to remain silent as to guilt and punishment, and agrees to testify.
12. Waives the right to appeal to the Court of Appeals.
13. Waives the right to urge a motion for new trial.
14. Waives any right under Arts. 1.14(a) and 38.43, Code of Criminal Procedure, or any other law requiring the State of Texas to preserve evidence containing biological material and agrees that all law enforcement agencies possessing evidence related to this case may dispose of it without further notice to him/her, his/her attorney, or the Court.
15. Waives the right to confront and cross-examine the State's witnesses in open court, and consents to the introduction of evidence against him/her in the form of written and oral stipulations of evidence and testimony, testimony by affidavit, written statements of witnesses, and any other documentary evidence.
16. Waives the right to discovery beyond materials already produced or inspected in the case, and agrees that he/she has received all information necessary to enter his/her plea and dispose of the case.
17. Has had an adequate opportunity to consult with his/her attorney who has explained his/her rights under the constitutions and laws of the United States and the State of Texas, and is fully satisfied with the representation provided by his/her attorney.
18. Understands that child support, restitution, child health care costs, court fees and costs, fines, and any other court order, judgment, or writ may be collected from monies deposited in his/her inmate trust account.
19. **JUDICIALLY CONFESSES** and admits to committing the offense of_SEXUAL ASSAULT_exactly as charged in the charging instrument or as a lesser included offense of the offense charged in *(Count _____ of)* the charging instrument.
20. **PLEADS TRUE** to the *(first) (second) (all)* enhancement paragraphs which are contained in charging instrument, and judicially confesses that he/she is the same person who was previously duly and legally convicted of the offense(s) alleged therein.

## DEFENDANT'S APPROVAL

I, the defendant herein, do acknowledge that:

1. My attorney has explained to me, and I have read and understand the foregoing "Plea Agreement", "Court's Admonitions to Defendant", "Defendant's Waiver of Rights and Judicial Confession".
2. My attorney has explained to me and I understand the legal effects of waiving my rights and the consequences of my plea.
3. I knowingly, freely and voluntarily waive my rights, plead "GUILTY", and consent to the stipulation of facts.
4. I request that the Court accept my plea, agreements, waivers, statements and stipulations.

_1/30/19_

Date

_(signature)_

Defendant
Treshawn Jahmal Robinson

## DEFENSE ATTORNEY'S APPROVAL

I, the attorney of record for the defendant herein, being a licensed member in good standing of the State Bar of Texas, do hereby certify that:

1. The defendant has a sufficient present ability to consult with me with a reasonable degree of rational understanding, and he/she has a rational as well as factual understanding of the proceedings against him/her.
2. I have read the foregoing "Plea Agreement", "Court's Admonitions to Defendant", "Defendant's Waiver of Rights and Judicial Confession", fully explained each of them to the defendant, and I am satisfied that he/she understands each of them.
3. I have explained to the defendant the legal effects of waiving his/her rights and the legal consequences of his/her plea, I have witnessed his/her signature contained herein, and I am satisfied that he/she understands these rights and the legal consequences of his/her plea.
4. I am satisfied that the defendant's plea, agreements, waivers, statements and stipulations are knowingly, freely and voluntarily made, and I do hereby approve and consent to each of them.
5. I acknowledge receipt or inspection of all discovery materials as recorded in the Discovery Log and Acknowledgment of Compliance signed by the parties and filed with the Court.

_1/30/19_
Date

Attorney for Defendant
Printed Name: _Donny J. Perales_
State Bar #: _24046610_

## STATE'S APPROVAL

THE STATE OF TEXAS, by and through its Criminal District Attorney, upon the acceptance and approval by the Court of the defendant's waivers and stipulations of fact herein, waives its right to a trial by jury, and consents that the plea proceeding may be by closed-circuit video teleconferencing.

GREG WILLIS, Criminal District Attorney
Collin County, Texas

_1/30/19_
Date

BY: _____
Assistant District Attorney
Printed Name: _Courtney Floyd_
State Bar #: _24093759_

## COURT'S APPROVAL

The Court finds the following:

1. The defendant has a sufficient present ability to consult with his or her lawyer with a reasonable degree of rational understanding, and has a rational as well as factual understanding of the proceedings against him or her.
2. The defendant has the age, maturity, and intelligence to understand and does knowingly understand his or her rights with regard to the plea agreement, the admonishments, and waiver of rights and judicial confession.
3. The defendant does knowingly waive his or her rights as described therein.
4. The defendant does understand his or her rights regarding stipulations and does knowingly waive his or her rights to have such facts proved otherwise.
5. The defendant does knowingly stipulate and agree that the facts contained in the "Defendant's Waiver of Rights and Judicial Confession" are true and correct.
6. The defendant does knowingly request that neither a pre- or post-sentence investigation be made.

IT IS THEREFORE ORDERED that the defendant's waivers as they appear in the aforesaid instruments be and are hereby approved, consented to, and accepted by this court; that the stipulations be and are hereby approved, consented to, and accepted by this court, and, said instruments are hereby ORDERED filed in the papers of this cause.

SIGNED THIS ___30___ day of ____January____, 20_19_.

_____
JUDGE PRESIDING

CAUSE NO. 401-82805-2018

| STATE OF TEXAS | § | IN THE 401ST DISTRICT COURT |
| | § | |
| VS. | § | OF |
| | § | |
| TRESHAWN JAHMAL ROBINSON | § | COLLIN COUNTY, TEXAS |

## TRIAL COURT'S CERTIFICATION OF DEFENDANT'S RIGHT OF APPEAL*

I, judge of the trial court, certify this criminal case:

- ☑ is not a plea-bargain case, and the defendant has the right of appeal. [or]
- ☐ is a plea-bargain case, but matters were raised by written motion filed and ruled on before trial and not withdrawn or waived, and the defendant has the right of appeal. [or]
- ☐ is a plea-bargain case, but the trial court has given permission to appeal, and the defendant has the right of appeal. [or]
- ☐ is a plea-bargain case, and the defendant has NO right of appeal. [or]
- ☐ the defendant has waived the right of appeal.

SIGNED THIS _____ day of _____, 20___.

_____
JUDGE PRESIDING

I have received a copy of this certification. I have also been informed of my rights concerning any appeal of this criminal case, including any right to file a *pro se* petition for discretionary review pursuant to Rule 68 of the Texas Rules of Appellate Procedure. I have been admonished that my attorney must mail a copy of the court of appeals's judgment and opinion to my last known address and that I have only 30 days in which to file a *pro se* petition for discretionary review in the Court of Criminal Appeals. TEX. R. APP. P. 68.2. I acknowledge that, if I wish to appeal this case and if I am entitled to do so, it is my duty to inform my appellate attorney, by written communication, of any change in the address at which I am currently living or any change in my current prison unit. I understand that, because of appellate deadlines, if I fail to timely inform my appellate attorney of any change in my address, I may lose the opportunity to file a *pro se* petition for discretionary review.

_____
Treshawn Jahmal Robinson, Defendant

Address:_____

_____

Telephone No.:_____
Fax No. (if any):_____

_____
Defendant's Attorney
Printed Name: _____
State Bar No.: _____
Address:_____

_____

Telephone No.:_____
Fax No. (if any):_____

*"A defendant in a criminal case has the right of appeal under these rules. The trial court shall enter a certification of the defendant's right to appeal in every case in which it enters a judgment of guilt or other appealable order. In a plea bargain case—that is, a case in which a defendant's plea was guilty or nolo contendere and the punishment did not exceed the punishment recommended by the prosecutor and agreed to by the defendant—a defendant may appeal only: (A) those matters that were raised by written motion filed and ruled on before trial, or (B) after getting the trial court's permission to appeal." TEXAS RULE OF APPELLATE PROCEDURE 25.2(a)(2).

| STATE OF TEXAS | § | IN THE 401ST DISTRICT COURT |
|---|---|---|
| | § | |
| VS. | § | OF |
| | § | |
| TRESHAWN JAHMAL ROBINSON | § | COLLIN COUNTY, TEXAS |

## BACK TIME CREDIT WORKSHEET

The following are the dates and counties for which defendant shows to have back-time for incarceration:

| Date Incarcerated | Date Released | Reason | County | # Of Days |
|---|---|---|---|---|
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | Total Days: | |

Jail credit includes dates of incarceration in the Collin County Jail, as well as dates Collin County had holds placed on the defendant in other Counties or States, successfully completed SAFP, and successfully completed SCORE. Jail time Credit DOES NOT include TERM & CONDITION.

| | | |
|---|---|---|
| STATE OF TEXAS | § | IN THE 401ST DISTRICT COURT |
| | § | |
| VS. | § | OF |
| | § | |
| TRESHAWN JAHMAL ROBINSON | § | COLLIN COUNTY, TEXAS |

## JUDGMENT CERTIFICATE OF DEFENDANT'S PRINTS

Defendant's Right Thumb*                    Defendant's Hand

THIS IS TO CERTIFY THAT THE FINGERPRINTS ABOVE ARE THE ABOVE NAMED DEFENDANT'S FINGERPRINTS TAKEN AT THE TIME OF DISPOSITION OF THE ABOVE STYLED AND NUMBERED CAUSE.

DONE IN OPEN COURT ON THIS _____ DAY OF _____ , 20____ .

_____
SUPERVISION OFFICER/ BAILIFF / DEPUTY SHERIFF

*Indicate here if print other than the defendant's right thumb is placed in box:

☐    Left Thumbprint

☐    Left / Right Index Finger

☐    Other: _____